IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ANITA K. REED,

          Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

          Defendant.

Case No. 14-CV-14-CVE-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Anita K. Reed, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less

---

[1] Plaintiff's April 13, 2011, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Richard J. Kallsnick was held June 28, 2012. By decision dated July 23, 2012, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on November 12, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 38 years old on the alleged date of onset of disability and 43 on the date of the ALJ's denial decision. She has a high school education and two years of college education. Plaintiff formerly worked as an accountant. She claims to have been unable to work since January 31, 2007 as a result of neck pain, fibromyalgia, headaches, depression, and hypertension.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform the full range of light and sedentary work. She has a good ability to read, write, and use numbers. The ALJ found that Plaintiff is capable of performing her past relevant work in accounting and as a controller which is skilled work at the sedentary exertional level. Further, based on the Medical-Vocational Guidelines (Grids), 20 CFR Part 404, Subpart P, Appendix 2, Rule 202.21, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case

was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled, with an alternative step five finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ erred by failing to discuss uncontroverted and significantly probative evidence that conflicted with his findings, and the RFC is not supported by substantial evidence.

## **Analysis**

### ALJ's Discussion of the Evidence

Plaintiff argues that the ALJ's discussion of the evidence was legally inadequate because, according to Plaintiff, the ALJ failed to portray the extent of her severe chronic pain issues and the discussion failed to acknowledge a significant amount of evidence that conflicted with the ALJ's findings. Plaintiff points out that the ALJ mentioned only seven of the nearly one hundred visits to medical care providers in the record from September 2000 through June 2012. As a result, Plaintiff states that the ALJ failed to acknowledge numerous entries that support her allegations of disabling pain.

Plaintiff argues that the ALJ erroneously ignored an entry in the medical record made by Plaintiff's treating physician on April 10, 2007, which Plaintiff states is an opinion that she is unable to work. On April 10, 2007, Bat Shunatona, MD noted that Plaintiff needed a signature for disability, and "I endorsed the idea of disability last visit, 12/06." [R. 463]. The December 2006 medical records do not provide any additional detail concerning

3

this entry or the subject of disability. Plaintiff also points to a July 2011 comment made by another treating physician, Bhadresh L. Bhakta, M.D., who wrote:

> In terms of her disability issues and applying for social security benefits, I again reminded the patient that the ultimate goal was to try to improve her functioning so that she can remain active and functional and a positive contributor to society. However, if she feels that she simply is not able to work and maintain full time employment then perhaps she may not have a choice. She has a number of conditions such as depression and anxiety as well as her underlying chronic pain in multiple areas that prevent her from maintaining regular full time employment. This will be a personal decision that she will have to make. I would encourage her to remain as active and functional as possible. We discussed the phenomenon of use it or lose it.

[R. 873]. In April 2011 Dr. Bhakta noted his discussion with Plaintiff about her narcotic use and stated he informed her that she is considered "under the influence." [R. 867]. Plaintiff argues that the ALJ erred by not mentioning these comments and evaluating them as treating physician opinions.

Not every statement made or every opinion by a treating physician constitutes a medical opinion entitled to be evaluated under the Social Security regulations. The term "medical opinion" is reserved for "judgments about the nature and severity of [a claimant's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [he] can still do despite impairment(s), and [his] physical and mental restrictions." 20 C.F.R. § 404.1527(a)(2). The undersigned does not view the foregoing statements which mention the word disability to be statements which constitute medical opinions. These statements say nothing about the nature and severity of Plaintiff's impairments, nor do they contain the physician's judgment about what Plaintiff can or cannot do. The undersigned finds no error in the ALJ's failure to evaluate the statements as treating physician opinions.

4

As to the number of doctor visits, the ALJ is not required to mention every medical record and finding in the file. The ALJ is required to discuss the evidence and explain why he found Plaintiff not disabled. 42 U.S.C. § 405(b)(1); *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). Although the ALJ is not required to discuss every piece of evidence, the record must demonstrate that the ALJ considered all the evidence. *Clifton*, 79 F.3d at 1009-10. The undersigned finds that the ALJ's decision demonstrates he considered all of the evidence, thus there is no error in the ALJ's failure to include more doctor visits in his summary of the medical evidence.

Plaintiff argues that the ALJ failed to address the impact her use of multiple strong narcotics would have on her ability to perform skilled work. The record clearly reflects that Plaintiff was regularly prescribed narcotic medications. The record also clearly reflects that on practically every visit to Dr. Bhakta, Plaintiff denied side effects from the medications. Dr. Bhakta repeatedly noted that Plaintiff reported "no sedation," that "the patient does not admit to any problems with excess sedation," or "denies any other current medication-related side effects." [R. 844, 846, 848, 850, 851, 852, 854, 858, 860, 862, 864, 867, 870, 872, 875, 878, 880, 882, 945, 950, 954]. Except for some constipation in March and May 2007, [R. 846, 848], the undersigned did not find any entry where Plaintiff complained of medication side effects. Plaintiff's own hearing testimony about the side effects of her medication was equivocal. She stated some of the medications have caused weight gain and that some of the medication "probably" does cause some drowsiness. [R. 52]. While it is true that Dr. Bhakta expressed concern about the amount of strong medication Plaintiff takes, the comments in his notes do not compel the conclusion that Plaintiff has work-related limitations due to her medications. The issue to be resolved on appeal is not

5

whether another conclusion might be supported by the evidence, but whether the conclusion made by the ALJ is supported by substantial evidence. Based on the foregoing, the undersigned finds that the ALJ's conclusions about the effect of Plaintiff's medications on the RFC are supported by substantial evidence.

In the RFC finding the ALJ noted Plaintiff "is afflicted with symptomology from a variety of sources to include mild to moderate to occasional chronic pain that would be of sufficient severity as to be noticeable to her . . . ." [R. 14]. Plaintiff argues that the ALJ's characterization of her pain as occasional was error, when the record demonstrates that pain was a nearly constant problem since 2007. [Dkt. 14, p. 6]. Plaintiff also argues that the ALJ erred in failing to address subjective pain ratings, which she points out were regularly noted to be six on a scale of ten, with the lowest being four, and by characterizing her pain as mild to moderate. [Dkt. 14, p. 6]. The undersigned finds no error in the ALJ's characterization of Plaintiff's pain. At footnote 2 of Plaintiff's opening brief, [Dkt. 14, p. 6, n2], Plaintiff cites to an internet site that notes a rating of 6/10 represents the upper limit of moderate pain. Further, although Plaintiff was treated for pain since 2007, Plaintiff has not demonstrated that, when treated, the pain was unrelieved so as to require a different formulation of the RFC. In addition, the ALJ's characterization of Plaintiff's pain as mild to moderate is consistent with the information in the resource Plaintiff cited.

## RFC Determination

Plaintiff argues that the ALJ's RFC finding was legally flawed and not supported by substantial evidence because the ALJ failed to explain how the evidence supported his RFC findings. To the extent that Plaintiff's argument can be read to suggest that there must be medical evidence of each element in the RFC, that argument is rejected. The

Tenth Circuit has "rejected [the] argument that there must be specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir.2004) (following 20 C.F.R. § 416.927(e)(2) and SSR 96–59, 1996 WL 374183, at *5); see also 20 C.F.R. §§ 404.1546(c) and 416.946(c); see, e.g ., *Wall v. Astrue,* 561 F.3d 1048, 1068–69 (10th Cir. 2009)(upholding ALJ's findings on mental impairment where record did not contain any treating or examining medical opinions as to allegedly disabling pain disorder); *Bernal v. Bowen*, 851 F.2d 297, 302–03 (10th Cir.1988)(holding ALJ properly made mental RFC findings without expert medical assistance).

The undersigned finds that the ALJ's RFC finding has substantial support in the record. That is, although there is evidence which may support a finding other than the one made by the ALJ, the undersigned cannot say that the contrary evidence is so overwhelming that a conclusion different from the one made by the ALJ is compelled by the contrary evidence.[2] State agency Disability Determination Services (DDS) experts reviewed Plaintiff's medical records and rendered opinions as to Plaintiff's physical and mental RFC. [R. 740-752, 754-761]. Although the ALJ is not bound by the findings made by the DDS medical or psychological consultants, the regulations instruct that these consultants are "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation" whose findings must be considered as opinion evidence. 20 C.F.R. § 404.1527(f)(2)(i); 20 C.F.R. § 416.927(f)(2)(i). The reviewing psychologist rated Plaintiff's alleged mental impairments as non-severe. [R. 752]. The

---

[2] The definition of substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support the ALJ's conclusion. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012).

reviewing medical doctor found that the objective evidence does not support the degree of limitation alleged, and considering examination results and pain, found Plaintiff capable of performing work at a higher exertional level than the ALJ's RFC. [R. 755-756]. The ALJ noted these opinions, but reduced Plaintiff's exertional RFC to account for further limitations due to her complaints of pain. [R. 17]. The ALJ also noted the absence of any restrictions placed on Plaintff by her treating doctors. [R. 15]. The undersigned finds that the ALJ's RFC finding is supported by substantial evidence.

There is some surface appeal to Plaintiff's insistence that the narcotic medications she takes would prevent her performance of her past relevant work as an accountant.[3] However, given that the record contains no indication that Plaintiff has complained of medication side effects, such a conclusion would not be based on evidence contained in the record, but speculation. Further, the court may not reweigh the evidence, to do so is to step outside the proper role of the court in reviewing an administrative decision. *See Rabon v. Astrue*, 464 Fed. Appx. 732, 735-36 (10th Cir. 2012)(citing *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005)).

## Conclusion

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's

---

[3] In footnote 3, [Dkt. 14, p. 9], Plaintiff argues that the ALJ's reliance on the Medical-Vocational Guidelines at step five to find alternative work was available was improper. Plaintiff's step five argument is based on her challenge to the RFC finding. The conclusion by the undersigned that the ALJ's RFC finding is supported by substantial evidence eliminates the need to address Plaintiff's footnote.

decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before February 18, 2015.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 4th day of February, 2015.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE