UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANITA KAY REED, | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 14-CV-0014-CVE-FHM |
| | ) |
| CAROLYN W. COLVIN, | ) |
| **Acting Commissioner, Social Security** | ) |
| **Administration,** | ) |
| | ) |
|        **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is the report and recommendation (Dkt. # 22) of Magistrate Judge Frank H. McCarthy recommending that the Court affirm the decision of the Commissioner of the Social Security Administration (the agency) to deny plaintiff's claim for disability benefits. Plaintiff has filed an objection (Dkt. # 23) to the report and recommendation, and she seeks an award of benefits or, alternatively, remand for further proceedings. Defendant has filed a response. Dkt. # 24.

## I.

Plaintiff applied for disability benefits on April 13, 2011, alleging that she became disabled on January 31, 2007. Dkt. # 11-5, at 2. She was forty-two years old when she applied for benefits. Id. Plaintiff alleged disability stemming from a wide range of physical and mental conditions, including fibromyalgia, degenerative disc disease, sleep apnea, neuropathy, gastrointestinal pain, depression, and migraines. Dkt. # 11-6, at 30. The claim was denied initially and upon reconsideration, after which plaintiff sought a hearing before an administrative law judge (ALJ). Dkt. # 11-4, at 13. The hearing was held on June 28, 2012. Dkt. # 11-2, at 37.

The plaintiff and a vocational expert (VE) A. Glen Marlowe, M.S. in Rehabilitation Psychology, testified at the hearing. See Dkt. # 11-4, at 18. Plaintiff testified that she last worked in January 2007, when she was employed as an accountant for an architectural company. Dkt. # 11-2, at 43. By that point, plaintiff said, her disabling conditions and pain allowed her to work part-time only, and she spent her time away from work recovering sufficiently to return. Id. Plaintiff described debilitating pain in her eye, neck, right shoulder, and back, as well as migraine headaches. Id. at 46-47. She also testified to having great difficulty sleeping. Id. at 50-51. For relief from her pain, plaintiff has tried injections, various medications, and a spine stimulator, although no treatment eliminated her symptoms. Id. at 49. When asked about side effects from her medication, plaintiff stated that some caused weight gain and drowsiness. Id. at 53. Plaintiff testified that she had worked while taking medication without experiencing side effects, but she then stated that she was taking different and less medication at that time. Id. at 53-54.

The ALJ then questioned the VE, presenting a hypothetical person with physical restrictions commensurate with light work.[1] Id. at 58-59. The ALJ included that the hypothetical person experiences "mild to moderate to occasional chronic pain" but takes medication, and the "appropriate use of that medication would not preclude her from remaining reasonably alert to perform required functions presented in a work setting." Id. at 59. The VE testified that the hypothetical person could return to plaintiff's past work, but she could also perform other work existing in the national economy. Id. at 60. The ALJ then asked the VE about a hypothetical person

---

[1] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). Additionally, it may involve "a good deal of walking or standing, or when it involves sitting most of the time . . . some pushing and pulling of arm or leg controls." Id. Light work includes all sedentary work, absent other limiting factors. Id.

with the symptoms plaintiff described in her testimony; the VE stated that such a person would neither be able to return to plaintiff's past work nor perform other work. Id. at 61.

The ALJ issued his decision on July 23, 2012. Id. at 20. He found that plaintiff had four severe impairments--status post cervical fusion, fibromyalgia, headaches, and hypertension--but that these impairments did not meet or exceed any of the listed impairments in the regulations. Id. at 13. He then made his residual functional capacity (RFC) assessment, and he determined that plaintiff could perform the full range of light work. The RFC assessment included the following: "[Plaintiff] does take medication for relief of some of her symptomatology, but the appropriate use of that medication would not preclude her from remaining reasonably alert to perform required functions presented in a work setting." Id. at 15. In making his determination, the ALJ found plaintiff's testimony not credible to the extent it conflicted with the RFC. Id. at 16.

The ALJ summarized the medical evidence in the record. Records from Lawrence Jacobs, M.D., showed that plaintiff began developing neck pain in 2002. Id. As part of plaintiff's treatment, Dr. Jacobs prescribed various medications, including Flexeril, Lortab, and Neurontin. Id. The ALJ discussed the February 1, 2007 progress note of Bhadresh Bhakta, M.D., who was plaintiff's pain management specialist. Id. at 17. At that time, Dr. Bhakta diagnosed plaintiff with pain in a variety of areas, but he stressed to her the "importance of staying functional." Id. He also made changes in dosing to her then-current prescriptions for Fentanyl and methadone. Id. The ALJ made no mention of Dr. Bhakta's April 21, 2011 progress note, in which he stated that he had a "long discussion" with plaintiff about the use and effects of her narcotic medications, including the risks of various side effects and "the fact that she is considered to be under the influence." Dkt. # 11-7, at 626.

The ALJ next discussed a number of progress notes, spanning June 16, 2009 to January 5, 2011, from Baptiste Shunatona, M.D., plaintiff's primary care physician. Dkt. # 11-2, at 17. These notes described several normal test results, as well as Dr. Shunatona's belief that "claimant's depression and hypertension were well controlled." Id. On plaintiff's April 10, 2007 progress note, which the ALJ did not discuss, Dr. Shunatona wrote, "I endorsed the idea of disability last visit, 12/06."[2] Dkt. # 11-7, at 222. Walter Bell, M.D., completed a physical RFC assessment, placing restrictions on plaintiff's ability to work commensurate with the ability to do medium work,[3] although Dr. Bell did not explicitly find plaintiff capable of medium work. Id. at 18. Dr. Bell's assessment did not mention plaintiff's medication or discuss possible side effects. See Dkt. # 11-7, at 514-15. The ALJ gave Dr. Bell's opinion some weight, but the ALJ found that plaintiff's pain resulted in greater limitations than Dr. Bell found. Dkt. # 11-2, at 18.

Relying on plaintiff's RFC assessment and the VE's testimony, the ALJ found that plaintiff could perform her past work as an accountant. Id. at 19. The ALJ also determined that, based on the RFC assessment, Medical-Vocational Rule 202.21 directed a finding of not disabled. Id. Based on these findings, the ALJ issued a determination of not disabled. Id. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the agency's final decision for purposes of appeal. Id. at 2. Plaintiff sought judicial review, Dkt. # 2, and the matter was referred to the magistrate judge for a report and recommendation. The magistrate judge recommended that this

---

[2]  The Court notes that this endorsement is not mentioned in any of Dr. Shunatona's progress notes from December 2006. See Dkt. # 11-7, at 229-232.

[3]  The regulations define medium work as involving "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

4

Court affirm the ruling of the ALJ. Dkt. # 22, at 9. Plaintiff has timely filed an objection to the report and recommendation. Dkt. # 23. Defendant has filed a timely response to plaintiff's objection. Dkt. # 24.

**II.**

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. FED. R. CIV. P. 72(b). However, the parties may object to the magistrate judge's recommendation within fourteen days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. FED. R. CIV. P. 72(b).

**III.**

The agency has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." *Id*. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. *See* 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." *Allen*, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. *See id.* Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy. *See id.*

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).

The Court may not reweigh the evidence or substitute its judgment for that of the ALJ but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if his decision is supported by substantial evidence. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). The Court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

The ALJ decided plaintiff's case at step four, concluding that she could perform her past relevant work as an accountant. Dkt. # 11-2, at 18. The ALJ made the alternate step five finding that, based on plaintiff's RFC for the full range of light work, Medical-Vocational Rule 202.21 directed a finding of not disabled. Id. at 19. The magistrate judge recommended that the ALJ's decision be affirmed. Dkt. # 22, at 9. Plaintiff sets forth three objections to the magistrate judge's report and recommendation: that the ALJ impermissibly disregarded the opinions of Dr. Shunatona and Dr. Bhakta; that the ALJ did not properly consider contradictory evidence regarding the side effects of plaintiff's medications; and that there was a lack of explanation for how the evidence supported the ALJ's conclusions. Dkt. # 23. Defendant responds that the findings of Dr. Shunatona and Dr. Bhakta are not inconsistent with the ALJ's findings, that there is no evidence of side effects from plaintiff's medications, and that the ALJ adequately explained his RFC determination. Dkt. # 24. As the Court

finds that this case should be remanded for further consideration of Dr. Bhakta's progress notes, the Court does not address plaintiff's other arguments.

Plaintiff argues that the ALJ erred by failing to consider and discuss the medical opinions of Dr. Shunatona and Dr. Bhakta. Dkt. # 23. The magistrate judge found that the ALJ's decision not to mention certain statements made by the physicians in their progress notes was not error because the statements were not the physicians' opinions, merely comments. Dkt. # 22, at 4. Plaintiff responds that, even if these statements were not medical opinions, the ALJ should have evaluated them as "opinions from any medical source regarding issues reserved to the Commissioner." Dkt. # 23, at 3. Defendant argues that the statements were not probative of plaintiff's functional limitations, and as such the ALJ was not required to discuss them. Dkt. # 24, at 2.

Medical opinions are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Social Security Ruling (SSR) 96-5p provides that statements from a medical source that amount to "administrative findings that are dispositive of the case" are not entitled to the same weight as medical opinions from that same source. SSR 96-5p, 1996 WL 374183, at *2 (July 2, 1996). Examples of such findings include "[w]hether an individual's RFC prevents him or her from doing past relevant work" and "[w]hether an individual is 'disabled' under the Act." Id. However, although not entitled to the same weight as a medical opinion, "adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner." Id. "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every

7

piece of evidence. Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." Clifton v. Chater, 79 F.3d 1007, 1009-10 (citing Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984)).

On plaintiff's April 10, 2007 progress note, Dr. Shunatona wrote, "I endorsed the idea of disability last visit, 12/06." Dkt. # 11-7, at 222. Plaintiff argues that, pursuant to SSR 96-5p, the ALJ should have discussed Dr. Shunatona's statement in his decision, and the failure to do so is reversible error. Dkt. # 23, at 2. As the magistrate judge found, it is clear that Dr. Shunatona's statement is not a medical opinion. See Dkt. # 22, at 4. Rather, it is what SSR 96-5p classified as an "administrative finding[]" addressing "[w]hether an individual is 'disabled' under the Act." SSR 96-5p, at *2. As such, it need not be given the same weight as a medical opinion, even though it comes from a medical source. Id. Moreover, and contrary to plaintiff's argument, SSR 96-5p does not require the ALJ to discuss such administrative findings; rather, the ALJ must "carefully consider" them. Id. The ALJ's decision recites findings from many of Dr. Shunatona's progress notes, including those of: June 16, 2009; June 18, 2010; July 21, 2010; and January 5, 2011. Although the ALJ does not mention the progress note from April 10, 2007, the ALJ's decision demonstrates that he considered Dr. Shunatona's progress notes when making his decision. See Clifton, 79 F.3d at 1009-10. The Court finds no error in the ALJ's decision not to discuss Dr. Shunatona's statement that he "endorsed the idea of disability."

However, the same is not true of Dr. Bhakta's statement that plaintiff "was considered to be under the influence" while taking her prescribed narcotic medications. Dkt. # 11-7, at 626. Unlike Dr. Shunatona's statement, Dr. Bhakta's statement appears to be a medical opinion, as it goes

8

directly to plaintiff's "physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Defendant argues that Dr. Bhakta's statement "could be considered an 'opinion' in the loosest terms, [but] it does not identify functional limitations inconstant [sic] with the ALJ's residual functional capacity finding." Dkt. # 24, at 4. While it is true that the statement does not explicitly identify any functional limitation, a medical opinion is not required to contain such. Rather, a medical opinion need only reflect the physician's judgment about "the nature and severity of your impairments." 20 C.F.R. § 404.1527(a)(2). Stating that plaintiff could be considered "under the influence" certainly reflects Dr. Bhakta's judgment about both the nature and the severity of plaintiff's medication regimen, and the extent to which that regimen impaired plaintiff. Thus, the ALJ erred in not discussing Dr. Bhakta's statement. SSR 96-5p, at *2; cf. Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003) ("[T]he notice of determination or decision 'must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996)).

Even were it not a medical opinion, the ALJ's decision does not demonstrate that the ALJ ever "carefully considered" the statement, as is required SSR 96-5p. In his decision, the ALJ extensively discussed a single progress note, dated February 1, 2007, that detailed Dr. Bhakta's conclusions on that day. See Dkt. # 11-2, at 16-17. That progress note is Exhibit 2F in the record, and it comprises the entirety of Exhibit 2F. However, the record contains an wealth of additional progress notes from Dr. Bhakta in Exhibits 16F, 17F, and 20F, which cover the time between May 10, 2008 and June 12, 2012. See Dkt. # 11-7, 572-643. This is unlike, for example, Dr. Shunatona's progress notes, which are contained entirely in Exhibit 8F of the record. See id. at 371-498. At no point does the ALJ discuss any of Dr. Bhakta's progress notes from these later exhibits, one of

9

which is the April 21, 2011 note that includes Dr. Bhakta's statement that he told plaintiff that she "was considered to be under the influence." Dkt. # 11-7, at 626. Dr. Bhakta's progress notes are of particular importance in this case; he was plaintiff's pain management specialist, and plaintiff complained primarily of debilitating pain. For the ALJ not to have considered them, particularly the April 21, 2011 progress note, is error. <u>Clifton</u>, 79 F.3d at 1009-10; SSR 96-5p, at *2.

Defendant argues that plaintiff is not precluded from returning to her past work, despite Dr. Bhakta's statement, because she "worked for many years taking very strong narcotic pain relievers such as methadone and fentanyl." Dkt. # 24, at 4. However, plaintiff's past history of working while medicated does not under undercut the need for the ALJ to consider all of the evidence in the record, including Dr. Bhakta's progress notes, and to "carefully consider" his statement that plaintiff "was considered to be under the influence." <u>See</u> <u>Clifton</u>, 79 F.3d at 1009-10; SSR 96-5p, at *2. Defendant also contends that Dr. Bhakta's statement is contradicted by Dr. Shunatona's opinion in 2008, in which Dr. Shunatona "opined . . . that Plaintiff could return to her job as an accountant." Dkt. # 24, at 4 (citing Dkt. # 11-7, at 208). This Court cannot simply determine that some evidence is of greater weight than other, contradictory evidence; that is clearly and firmly the duty of the ALJ. <u>Gardner-Renfro v. Apfel</u>, 242 F.3d 388, at *4 (10th Cir. 2000) (unpublished). Moreover, Dr. Shunatona's opinion was given three years before Dr. Bhakta's. The Court finds defendant's arguments on this point unpersuasive.

Thus, the Court finds that the ALJ has not demonstrated that he considered all of the evidence to the degree required by <u>Clifton</u> and SSR 96-5p. This matter must be remanded to allow the ALJ to correct this error.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 18) is **rejected**, and the Commissioner's decision is **reversed and remanded** for further proceedings. A separate judgment is entered herewith.

**DATED** this 5th day of March, 2015.

*(signed)*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE